IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. EATON,<br>Plaintiff | )<br>)<br>) |
| v. | ) CASE NO. 7:20-cv-00035-LSC |
| NATIONAL OLDER<br>WORKER CAREER CENTER,<br>Defendant | )<br>)<br>)<br>) |

### FIRST AMENDED COMPLAINT[1]

Pursuant to the Judge's Order of November 10, 2020, Plaintiff respectfully files this Amended Complaint and states as follows:

## I.   Introduction

1. Plaintiff was employed by the National Older Workers Career Center (NOWCC) and the U.S. Department of Agriculture (USDA) in a joint employer relationship, on a part-time basis, from March 4, 2019, until June 12, 2019, as an Agriculture Conservation Experienced Service (ACES) non-federal enrollee.

2. Plaintiff retired from the USDA as a Soil Conservationist and Acting District Conservationist, GS-9 on January 3, 2019, after 39 years of service with USDA.

3. Plaintiff was born January 14, 1960, and at all times relevant to this complaint, he was over 40 years of age.

4. Plaintiff was hired by the NOWCC on or about March 4, 2019.

5. NOWCC is a non-profit corporation, incorporated in the State of Virginia.

---

[1] Plaintiff was assisted in the drafting of this complaint by Mr. Sterling L. DeRamus, Attorney at Law, Birmingham, Alabama. Mr. DeRamus is NOT entering an appearance for Plaintiff.

6. NOWCC is a federal contractor that provides older employees as contract workers to various federal agencies throughout the country, including the USDA, ACES. NOWCC is responsible for recruiting, enrolling, administering payroll and benefits, and handling employee performance issues.

7. NOWCC has its headquarters in Arlington, Virginia, and maintains other staff offices in Lakewood, Colorado, and Dallas, Texas.

8. NOWCC has approximately 34 full-time employees (i.e. in excess of 35 hours/week) on its permanent staff, and, upon information and belief, over 500 employees working at various federal agencies throughout the country.

9. Plaintiff was hired out of the Lakewood Colorado office, by Ms. Pamela Lewis, Manager, NRCS ACES Program.

10. Plaintiff was hired to work at the same office in Eutaw, Alabama, that he retired from earlier in the year, for 3 days per week, 8 hours a day for a total workload of 24 hours/week.

11. Plaintiff's rate of pay was $18.50/hour, including annual, sick, and holiday leave. NOWCC provided health, dental, and vision insurance benefits. Provided means to buy equipment needed to do the job. NOWCC paid social security and medicare taxes.

12. All paychecks for Plaintiff's employment came from NOWCC.

13. Ms. Lewis was Plaintiff's first-level supervisor for NOWCC, but she did not directly manage the Plaintiff's work.

14. Plaintiff's work was managed by USDA employees as detailed below.

## II. Facts

15. After retirement from USDA, Plaintiff was replaced by Mr. Dustin Potter, GS-9, (Caucasian) in an interim capacity.

16. The Agency Supervisor was Mr. Gregory Dansby, GS-13.

17. Mr. Dansby failed to monitor Mr. Potter's work between January and May 2019. Work fell behind due to Potter's not working on the (EQIP) contracts doing this period.

18. On an office visit on or about May 8, 2019, Mr. Dansby learned that Mr. Potter had not done work on the 2019 Environmental Quality Incentive Program (EQIP) contracts. Mr. Potter told Mr. Dansby he never written an EQIP contract and did not know how to. Mr. Dansby did nothing to Mr. Potter in the way of reprimands or corrective actions.

19. Mr. Dansby informed Plaintiff that he would need to complete the work assigned to Caucasian male Dustin Potter because his detail would end in a couple of days.

20. Plaintiff spoke out against Mr. Dansby's demands as it would take longer than his 24 hours/week. Mr. Dansby had appointed the plaintiff Eutaw Office Point of Contact (interim office manager) and assigned him other duties outside the county in Marengo County, all as a part-time position.

21. Mr. Dansby became angry and upset when the Plaintiff objected. In Mr. Dansby leaving the Eutaw office, Mr. Dansby told his assistant "I know what I have to do."

22. Subsequently, supervisor Dansby assigned Plaintiff a heavier workload that was unrealistic, unreasonable, and ahead of state EQIP program deadlines.

23. Dansby had not previously pressured and micro-managed Mr. Potter to such an extent.

24. On May 20, 2019, Plaintiff made a protected internal complaint of race discrimination to Mr. Dansby to no avail.

25. At some point between May 20, 2019, and May 23, 2019, USDA officials contacted Ms. Pamela Lewis, NOWCCC, about the Plaintiff's complaint.

26. On May 23, 2019, Plaintiff complained to Mr. Dansby's supervisor Mr. Ben Malone, USDA State Conservationist, GS-15, Ms. Shannon Weaver, ASTC- GS-13, USDA ACES Coordinator for Alabama, and Ms. Pamela Lewis at NOWCC, that Mr. Dansby's actions were race discrimination as he

was treating Plaintiff differently than white employees, i.e. Mr. Potter. They took no corrective actions.

27. At some point between May 20, 2019, and June 12, 2019, Mr. Dansby requested that Plaintiff be terminated to Ms. Weaver and Mr. Malone, who in turn requested Plaintiff's termination to Ms. Lewis at NOWCC.

28. At the time of Plaintiff's termination, Ms. Lewis knew of the plaintiff's complaint of discrimination.

29. On June 12, 2019, Plaintiff was terminated from his position with NOWCC and USDA by Ms. Pamela Lewis without notice or explanation. Plaintiff was terminated by a phone call from Ms. Lewis and a follow-up termination letter via email. Ms. Lewis stated she did not know why the Plaintiff was being terminated.

### III. Cause of Action

30. Plaintiff alleges that his termination from employment by NOWCC and USDA were due to age, race discrimination and reprisal for having made a complaint of discrimination on the basis of race in violation of his rights under 42 U.S.C. §2000e, et seq., Title VII of the Civil Rights act of 1964, as amended, and the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq.

31. Plaintiff demands relief in the form of reinstatement or front pay, back pay, reinstatement of leave, compensatory damages, attorney fees, and any other relief to which he is entitled.

Respectfully submitted this _23rd_ day of November 2020.

Anthony D. Eaton
Plaintiff, Pro Se

## Certificate of Service

All parties are being e-served.

_____
Anthony D. Eaton

November 23, 2020

US Federal District Court Clerk's Office
1729 5th Ave North
Birmingham, Al.  35203

Re: Case Number 7:20 cv-00035-LSC

Dear Sir/Ma'am

Please file this enclosed amendment to my original complaint.

Best Regards,

Anthony D. Eaton
Plaintiff Pro Se

Anthony D. Eaton
180 County Rd. 120
P. O. Box 55
West Greene, AL 35491

BIRI

23 N



1028    35203

U.S. POSTAGE PAID
FCM LETTER
EUTAW, AL
35462
NOV 23, 20
AMOUNT
$0.70
R2305E125734-03

**SECURITY**

NOV 25 2020

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

US Federal District Court Clerk's Office
1729 5th Ave North
Birmingham, Al.  35203

35203-203799